UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JAN WOLD | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. _____ |
| ADVOCARE INTERNATIONAL, LP AND ADVOCARE GP, LLC | § § § § | |
| Defendants. | § | |

## ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff **JAN WOLD** hereby brings claims against Defendants **ADVOCARE INTERNATIONAL, LP** and **ADVOCARE GP, LLC** for violations of the Family Medical Leave Act ("FMLA"), and in support thereof respectfully shows the Court as follows:

### I.

### JURISDICTION AND VENUE

1. Jurisdiction over this action is based upon the Family Medical Leave Act, 29 U.S.C. § 2617(a)(2) and 28 U.S.C. § 1331 (federal question jurisdiction).

2. Venue of this action is governed by 29 U.S.C. § 2617(a)(2) and is proper in the Eastern District of Texas because Plaintiff was employed by Defendants at their office in Collin County, Texas, and the incidents giving rise to this lawsuit occurred in Collin County, Texas.

### II.

### PARTIES

3. Plaintiff Jan Wold ("Wold") is a resident of Collin County, Texas, and at all relevant times was an employee of AdvoCare International, LP and/or AdvoCare GP, LLC.

4. Defendant AdvoCare International, LP is an employer within the meaning of 29 U.S.C. § 2611(4)(A) and is a Delaware limited partnership authorized to do and doing business in the State of Texas, and may be served by service on its registered agent: Lee Wilkins, Cantey Hanger LLP, 1999 Bryan Street, Suite 3300, Dallas, Texas 75201.

5. Defendant AdvoCare GP, LLC, a Delaware limited liability company, is the general partner of AdvoCare International, LP and may be served by service on its registered agent: Lee Wilkins, Cantey Hanger LLP, 1999 Bryan Street, Suite 3300, Dallas, Texas 75201.

6. Defendants AdvoCare International, LP and AdvoCare GP, LLC are collectively hereinafter referred to as "AdvoCare."

## III.

## FACTUAL BACKGROUND

7. Wold was hired by AdvoCare in October 2007 as Vice President of Marketing. During her approximately five years with AdvoCare, Wold performed her job duties in an outstanding manner and her contributions did not go unnoticed. Wold received annual bonuses and pay raises. Earlier this year, AdvoCare's President and CEO, Richard Wright ("Wright"), sent Wold a hand-written note of appreciation stating:

> Thank you for the work you do every day to make AdvoCare successful. As an individual, you have become an _amazing executive_ and _team leader_. You always seem to instinctively know just the right time to insert a promotion or new product. We're so proud!

8. Wold has numerous other examples of her success and contributions to AdvoCare. This year, Wold had already been awarded a bonus of $20,000.

9. On May 22, 2012, Wold availed herself of FMLA protective medical leave, which was approved by AdvoCare. While receiving treatment, Wold remained on job-protected leave until she was released by her physician to return to work on July 5, 2012.

10. When Wold returned to work, she was called into a meeting and informed that she was being stripped of most of her job duties and being assigned to two special projects. AdvoCare informed Wold she would no longer be permitted to attend company events that she had formerly attended and assisted in planning as part of her job duties. AdvoCare also informed Wold that she was not allowed to speak to any other employees or distributors about marketing or creative issues unless AdvoCare's general counsel, human resources director, or the CEO's wife were present. AdvoCare effectively constructively discharged Wold by stripping her of most of her job duties and denying her the ability to communicate with her coworkers and distributors.

## IV.

## COUNT ONE

### *FMLA Discrimination and Retaliation*

11. Wold incorporates by reference all of the allegations set forth in paragraphs 1 through 10 above as if fully set forth at this point herein.

12. Wold alleges that she was discriminated and retaliated against by AdvoCare because she engaged in FMLA-protected activity. More specifically, AdvoCare violated the FMLA by effectively constructively discharging Wold and failing to restore her to the same position or a position remotely similar to the position she held prior to her protected family medical leave.

13. As a direct and proximate result of AdvoCare's conduct as set forth herein, Wold has suffered actual and compensatory damages, including lost wages, loss of benefits, compensatory damages, and statutorily required liquidated damages.

## V.

## JURY DEMAND

14. Wold requests a jury trial.

## VI.

## ATTORNEY'S FEES

15. Wold has been required to engage legal services to prosecute this action. Accordingly, she seeks recovery of reasonable attorneys' fees, reasonable expert witness fees, and other costs pursuant to 29 U.S.C. § 2617(a)(2).

## VII.

## PRAYER

WHEREFORE, Wold prays that she recover from AdvoCare her actual damages and additional liquidated damages as permitted by the Family Medical Leave Act, plus attorneys' fees, costs, expert witness fees, and expenses, plus prejudgment and postjudgment interest, and all other relief in law or equity that she is justly entitled.

Respectfully Submitted,

*/s/ Barbara T. Hale*

**BARBARA T. HALE**
State Bar No. 24012762
**JEFFREY D. SMITH**
State Bar No. 24063008
**BLANSCET HOOPER & HALE, L.L.P.**
14285 Midway Road, Suite 400
Addison, Texas 75001
Tel:   (214) 764-7973
Fax:   (214) 764-7981

**ATTORNEYS FOR PLAINTIFF**